**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| PROCESO CORTEZ AND LUCIA ROSALES, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-4610 |
| | § | |
| ALLSTATE TEXAS LLOYD'S, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This is a suit to recover insurance proceeds and damages under the Texas Insurance Code,

§§ 541.060 and 541.061.  The defendants timely removed and filed a verified plea in abatement.

(Docket Entry Nos. 1, 7).  The defendants invoked the Texas Insurance Code requirement that a

plaintiff seeking damages under the statute must give prior written notice of the complaint and the

amount of damages sought, including fees, "not later than the 61st day before the date the action is

filed." TEX. INS. CODE § 541.154.  The defendants asked this court to abate the suit until the 61st

day after the plaintiffs provided the statutory written notice of their claims under the statute.  The

plaintiffs responded by arguing that although they filed suit on September 29, 2010, and did not send

the notice letter to the defendants until December 16, 2010, these letters satisfied the notice

requirement.  (Docket Entry No. 10, Ex. J).  Alternatively, the plaintiffs argue that the abatement

period provided for in the Texas Insurance Code has lapsed.  (*Id.*).

Section 541.154(a) of the Texas Insurance Code states: "[a] person seeking damages in an

action against another person under this chapter must provide written notice to the other person not

later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154(a).  The notice

must advise the other person of "the specific complaint" and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b). There is an exception to this requirement if "giving notice is impracticable because the action: (1) must be filed to prevent the statute of limitations from expiring . . . ." TEX. INS. CODE § 541.154(c)(1). Finally, § 541.155 provides that a person who does not receive presuit notice may file a plea in abatement. "The court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice as required by Section 541.154." TEX. INS. CODE § 541.155(a), (b).

The purpose of the 60-day notice requirement under the Texas Insurance Code is to "discourage litigation and encourage settlements of consumer complaints." *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992) (quoting *John Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex. 1985)).[1] The notice requirement is intended to give a defendant insurer a right and opportunity to make a settlement offer. TEX. INS. CODE § 541.156; *see also In Re Behr*, No. 04-05-00895-CV, 2006 WL 468001, at *2 (Tex. App.—San Antonio Mar. 1, 2006, no pet.) (holding that without presuit notice, a defendant "is denied his right to limit his damage exposure through an offer of settlement as contemplated by sections 541.156–.159 of the Insurance Code"). If a plaintiff fails to comply with the notice requirement, "abatement of the action for the statutory notice period is more consistent with the purpose of notice than dismissal." *Hines*, 843 S.W.2d at 469.

The statutory written notice must advise the other party in reasonable detail of "the specific

---

[1]   Both the Texas Insurance Code and the Deceptive Trade Practices Act (DTPA) require a plaintiff to give 60 days' notice to a defendant before filing suit. The purpose of the requirement is the same under both statutes, "to encourage settlement and avoidance of litigation." *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, No. Civ. A. SA-05-CA0433, 2005 WL 1586994, at *1 (W.D. Tex. June 30, 2005) (citing *Hines*, 843 S.W.2d at 469 (Tex. 1992)). Cases involving the DTPA notice provision are instructive on whether the requirements of the Texas Insurance Code notice provision have been met.

2

complaint" and "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b)(1), (2); *see also Richardson v. Foster & Sear*, *LLP*, 257 S.W.3d 782, 786 (Tex. App.—Ft. Worth 2008, no pet. h.) (finding that a six-page letter from the plaintiff stating the causes of action, specific factual allegations, and specific damages satisfied the presuit notice requirement).

In this case, more than 60 days has passed since the plaintiffs provided both defendants the statutory notice letter. The issue is whether its content was sufficient to trigger the abatement period, despite the fact that it was sent after the lawsuit was filed. Sections 541.154(b)(1) and (b)(2) of the Texas Insurance Code require a party to provide basic information to the defendant in the written notice: the "specific complaint" and the amount of actual damages and expenses sought. TEX. INS. CODE § 541.154(b)(1), (b)(2). Texas courts interpreting the statute have held that notice letters containing specific factual allegations supporting the causes of action, or at least enough information to imply those facts, satisfy the notice requirement. *See Richardson*, 257 S.W.3d 782; *Williams v. Hills Fitness Center, Inc.*, 705 S.W.2d 189, 191–92 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.) (holding that the plaintiff's four paragraph notice letter satisfied the notice requirement of the DTPA, even though the allegations were general and the specific facts supporting the cause of action were implied).

The notice letter at issue here does contain factual information about the cause of action. The letter states that the specific problem with the defendants' adjustment of the insurance claim was inadequate time spent by the adjuster examining the damage to the plaintiffs' home, including the roof, and allowing only minimum repairs to the roof in the estimate. The letter identifies the facts or provides a basis to imply the facts. The letter is sufficient notice under § 541.154(b) of the Texas

Insurance Code to trigger the 60-day abatement period.  As a result, the motion for abatement is denied.

SIGNED on March 7, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge